# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT NASHVILLE

## JULY 1998 SESSION

| | | |
|---|---|---|
| **STATE OF TENNESSEE,** | ) | |
| | ) | **C.C.A. NO. 01C01-9707-CC-00292** |
| Appellee, | ) | |
| | ) | **COFFEE COUNTY** |
| VS. | ) | **(No. 27,487 Below)** |
| | ) | |
| **DEBORAH JO ROVSEK,** | ) | **The Hon. John W. Rollins** |
| | ) | |
| Appellant. | ) | **(Probation Revocation)** |

FOR THE APPELLANT:

B. CAMPBELL SMOOT
Public Defender
14th Judicial District
605 East Carroll Street
P.O. Box 260
Tullahoma, TN 37388

FOR THE APPELLEE:

JOHN KNOX WALKUP
Attorney General and Reporter

CLINTON J. MORGAN
Assistant Attorney General
Cordell Hull Building, Second Floor
425 Fifth Avenue North
Nashville, TN 37243-0493

C. MICHAEL LAYNE
District Attorney General

KENNETH J. SHELTON, JR.
Assistant District Attorney General
14th Judicial District
307 South Woodland
P.O. Box 147
Manchester, TN 37349

OPINION FILED _____

AFFIRMED PURSUANT TO RULE 20

DAVID G. HAYES, JUDGE

**O P I N I O N**

The appellant, Deborah Jo Rovsek, appeals as of right from the trial court's revocation of her probation sentence. She contends that the trial court abused its discretion by revoking her probation and ordering her to serve the entire sentence previously imposed. The appellant contends that the trial court should have considered "a period of shock incarceration followed by Community Corrections." Based on our review of the briefs and of the entire record in this cause, we conclude that this is an appropriate case for affirmance under Rule 20, Tennessee Court of Criminal Appeals Rules.

In March of 1996, the appellant pled guilty to eight counts of obtaining a controlled substance by fraud. She was sentenced as a Range I, Standard Offender, to an effective sentence of four years to be served on probation. The appellant was given credit for 74 days served in jail. As a condition of probation, the appellant was ordered to complete 300 hours of public service work.

Subsequently, on February 11, 1997, a probation violation report was filed, alleging that the appellant failed to report to her probation officer when instructed to do so, failed to pay required probation fees when due, and failed to report to her public service work site as scheduled. The trial court issued a probation revocation warrant the same day, and a hearing was held on June 17, 1997. At the revocation hearing, the appellant pled guilty and was allowed to make a statement in which she asked the trial court to give her a second chance. At the conclusion of the hearing, the trial court stated "I think I have given you every break I can possibly give you. Time is up. I'm sorry. You are going to jail." The appellant was ordered to serve her four-year sentence in the Department of Correction.

The revocation of probation is committed to the sound discretion of the trial court. State v. Mitchell, 810 S.W.2d 733, 735 (Tenn. Crim. App. 1991). If the trial court finds by a preponderance of the evidence that a probation violation has occurred, it has the right to revoke probation and cause the probationer to commence the execution of judgment

-1-

as originally entered. T.C.A. § 40-35-310, -311(d). This Court will not find that a trial court has abused its discretion unless the record contains no substantial evidence to support the trial court's conclusion that the probation should be revoked. State v. Harkins, 811 S.W.2d 79, 82 (Tenn. Crim. App. 1981). The evidence at the revocation hearing need only show that the trial court exercised a conscientious and intelligent judgment in making the decision to revoke probation. State v. Leach, 914 S.W.2d 104, 106 (Tenn. App. 1995).

Based on the record before us, it is clear that the trial court did not abuse its discretion in revoking the appellant's probation and ordering her to serve the original sentence in custody. Accordingly, based upon a reading of the entire record, the briefs of the parties, and the applicable law, this Court finds that the judgment of the trial court should be affirmed pursuant to Rule 20, Tennessee Court of Criminal Appeals Rules.

IT IS, THEREFORE, ORDERED that the judgment of the trial court is affirmed pursuant to Rule 20.

_____
DAVID G. HAYES, JUDGE

CONCUR:

_____
PAUL G. SUMMERS, JUDGE

_____
JERRY L. SMITH, JUDGE

-2-